## Slingluff's Estate.

*Wallace M. Keely*, for continuing trustee and life tenant.

*L. M. Childs*, for retiring trustee and contingent remaindermen.

HOLLAND, P. J., March 14, 1930.—This court has authority to appoint a substituted trustee to fill the vacancy caused by the resignation of William H. Slingluff, under section 56 *(a)* of the Fiduciaries Act of 1917.

There are two adverse petitions before the court, one of William F. Slingluff, the remaining and continuing trustee, joined in by Clara F. Fisher, the life tenant, for the appointment of Norristown-Penn Trust Company, and the other that of William H. Slingluff, the retiring trustee, who is also a contingent remainderman, joined in by a large majority of the contingent remaindermen.

The first consideration of the court in selecting a trustee where several are suggested is to choose "those who are in its judgment fairly competent to administer the trust:" McCaskey's Estate, 293 Pa. 497. That is no guide in this case, because both suggested trustees are equally competent. That is apparent.

The appointee should be "not unfriendly to the life tenant," yet faithful to its duty "to preserve the principal intact for the remaindermen," and no one should be appointed "whom any of the parties in interest not unreasonably views with doubt and suspicion:" McCaskey's Estate, *supra*.

Again, these considerations do not help us, as no one doubts, the court least of all, that either of the proposed appointees would with equal fidelity protect and conserve the rights of the life tenant and remaindermen. Nor

would any one make himself so ludicrous as to "view with doubt and suspicion" either of these proven and efficient suggested appointees.

The court is, therefore, reduced to the situation of determining in its discretion which of the two proposed appointees would most conveniently administer the trust in view of their respective relation to the parties. Said section 56(a) of the Fiduciaries Act requires that the selection by the court shall be "with the consent of the continuing trustee." He, William F. Slingluff, consents to the appointment of Norristown-Penn Trust Company and indirectly dissents to the appointment of Montgomery Trust Company. Aside from this statutory requirement, we are of the opinion that if the appointee which the continuing trustee prefers were appointed, other considerations being equal, it would tend toward a more harmonious co-operation between the two trustees in their administration which would inure to the benefit of all the interested parties. The continuing trustee's preference is Norristown-Penn Trust Company, which will be appointed.

The court is not bound to state its reasons or "to place on record its reasons for accepting certain of the nominees appearing on the lists presented by the parties and rejecting others thereon:" McCaskey's Estate, *supra*. However, we have chosen to set out our reasons upon which we have based our conclusion.

And now, March 14, 1930, Norristown-Penn Trust Company is appointed substituted trustee in the place and stead of William H. Slingluff, resigned, of the trust under the will of the said decedent, William H. Slingluff, deceased, for Clara S. Fisher, said trustee to enter its own bond in the sum of $46,000.

From Aaron S. Swartz, Jr., Norristown, Pa.